[Civ. No. 2161.     Second Appellate District.—September 6, 1917.]

JEDD F. SAWYER, Respondent, v. S. G. BERGER,
Appellant.

PUBLIC OFFICERS — CONSTABLE — CHANGE OF COMPENSATION.—Where a
county charter provides that salaries of township officers shall be
fixed by the board of supervisors prior to election and shall not be
increased or diminished during the term for which they are elected,
an ordinance passed by the board of supervisors changing the salary
of constable after noon of the day upon which such officer entered
upon the duties of his office for the term for which he was elected is
not applicable to such officer.

APPEAL from a judgment of the Superior Court of San
Bernardino County. H. T. Dewhirst, Judge.

The facts are stated in the opinion of the court.

T. W. Duckworth, District Attorney, and John L. Camp-
bell, for Appellant.

Henry M. Willis, and William Guthrie, for Respondent.

CONREY, P. J.—In this case a writ of *mandamus* issued
to the defendant Berger, as auditor of the county of San
Bernardino, requiring him to issue to the plaintiff a warrant
on the treasurer of San Bernardino County in the sum of
seventy-five dollars for plaintiff's salary for the month of
May, 1916, as constable of Upland township. The defendant
appeals from the judgment.

On November 3, 1914, the plaintiff was elected to said office
of constable. Thereafter he duly qualified and at noon on
the fourth day of January, 1915, entered upon the duties
of the office for the term beginning that day. Ever since
the date last mentioned he has been the duly elected, qualified,
and acting constable of Upland township. He is entitled to
the salary claimed by him, amounting to seventy-five dollars
per month in accordance with the provisions of section 4237
of the Political Code, unless the salary to which he is en-
titled was reduced to the sum of sixty-five dollars per month
by virtue of an ordinance of the board of supervisors of the
county of San Bernardino, which ordinance was "passed,

adopted and approved as an urgency measure,'' after noon on the fourth day of January, 1915, which was the first Monday after the first day of that month. By the terms of that ordinance the compensation of constables in the various townships in the county of San Bernardino was declared to be a fixed salary, and it was provided that the constable in and for Upland township should receive $780 per annum. The monthly installments of such salary would be sixty-five dollars. Upon due proceedings had as permitted by section $7\frac{1}{2}$ of article XI of the Constitution of the state of California, a charter for the county of San Bernardino, was adopted at the general election of November, 1912, which charter was duly approved by the legislature in April, 1913. (Stats. 1913, p. 1652.) By article III, section 3, of the charter, it is provided that the salaries of justices of the peace and constables shall be fixed by the board of supervisors, and that such salaries need not be uniform. Other provisions of the charter, pertinent to the present inquiry, are the following: Article VII, section 1: ''In all cases in which the board of supervisors are authorized by law or by this charter to fix the compensation of any officer, such salary shall be fixed prior to the election or appointment of such officer, and shall not be increased or diminished during the term for which such officer shall be elected or appointed.'' Article VII, section 6: ''This charter, in so far as it relates to the nomination and election of supervisors and township officers, shall take effect and be in force from and after the time of its approval by the legislature, and as to all other matters it shall take effect and be in force from and after 12 o'clock, noon, of the first Monday after the first day of January, 1915.'' Article VII, section 5, referring to persons in office ''at the time this charter goes into effect,'' says: ''Nor shall anything in this charter be construed as changing or affecting the compensation of any such officer during the term for which he shall have been elected.''

Counsel for appellant contend that until the adoption by the board of supervisors, after noon of January 4, 1915, of an ordinance prescribing the salary for the office held by respondent, there was no salary attached to that office. With that proposition we do not agree. Section $7\frac{1}{2}$ of article XI of the Constitution, under which the San Bernardino County charter was framed, contains the following declara-

tion: "Whenever any county has framed and adopted a charter, and the same shall have been approved by the legislature, as herein provided, the general laws adopted by the legislature in pursuance of sections four and five of this article, shall, as to such county, be superseded by said charter as to matters for which, under this section it is competent to make provision in such charter, *and for which provision is made therein,* except as herein otherwise expressly provided; . . . " Sections 4 and 5 referred to in the foregoing quotation are the sections under which the legislature is directed to provide for township organizations, and is authorized to regulate the compensation of township officers. The general law establishing the compensation of the office here in question was the law contained in section 4237, subdivision 15, of the Political Code. That section provides a schedule of salaries which, as applied to Upland township, amounts to seventy-five dollars per month for services rendered in criminal cases, together with the right of the constable to receive and retain for his own use such fees as are allowed by law for services performed by him in civil actions. At noon of January 4, 1915, when the plaintiff's term of office began, the provisions of that statute were in force in the county of San Bernardino, notwithstanding the adoption of the county charter. The matter involved was one for which the charter had made no provision which could be effective at that moment. From and after that time, whenever it chose to do so, the board of supervisors could adopt an ordinance fixing the salaries of constables, but until the taking effect of such ordinance, the salary established by general law remained in force.

The board of supervisors promptly used its authority to pass a salary ordinance. We may assume the validity of that ordinance, since it is not attacked in this case. The only question remaining to be determined here is whether or not the change of salary applies to the plaintiff in this case. It does not so apply, since the charter itself declares that the salary of his office shall not be changed or affected, under its provisions, during the term for which he was elected.

The judgment is affirmed.

James, J., and Shaw, J., concurred.